UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>      v.<br><br>MONICA MICHALS,<br><br>   Defendant. | Criminal No. 09-CR-00369 (CKK) |

**MEMORANDUM OPINION**
(July 18, 2022)

Presently before the Court is *pro se* Defendant's [24] Motion to Expunge Criminal Record, and the Government's [25] Opposition thereto.[1] Defendant contends that having a felony conviction has obstructed her efforts to secure employment, "which would give [her] financial security to provide for [her] family" and accordingly, she requests that this Court expunge her criminal record. Def.'s Mot., ECF No. 24, at 1. In support of her expungement request, Defendant asserts that she has "not been in any trouble since [she] was released on 10/5/2010." *Id.* Upon review of relevant legal authorities and the pleadings made by the parties, the Court DENIES Defendant's [24] Motion to Expunge Criminal Record.

**I. BACKGROUND**

Defendant Monica Michals ("Defendant" or "Ms. Michals") pled guilty to one count of Taking Property in the Care, Custody and Control of a Credit Union, in violation of 18 U.S.C. §2113(b), and she was sentenced to a three month term of imprisonment followed by thirty-six

---

[1] This Court permitted Defendant to file a reply to Government's Opposition by July 5, 2022. Defendant did not file a reply.

1

months of supervised release. *See* Judgment, ECF No. 20. In addition, Defendant was ordered to pay a special assessment fee of $100.00, and restitution in the amount of $28,692.31. Defendant's Motion to Expunge Criminal Record comes approximately twelve years after her sentencing and is opposed by the Government.

## II. ANALYSIS

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster*, 606 F.2d 1226, 1231 n.8 (D.C. Cir. 1979)). Federal courts have the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute." *Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975). Indeed, "expungement is a potentially available remedy for legally cognizable injuries." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015). "Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 3006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)).

A federal court's jurisdiction to hear motions to expunge convictions or arrests is "limited" in the absence of an enabling federal statute. *Herrington v. Bezotte*, No. 14-cv-13395, 2015 WL 268412, at *5 (E.D. Mich. 2015) (citing *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014)). "The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers." *Archer*, *supra*. at *1 (internal quotation marks and citation omitted); *see United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (Kollar-Kotelly,

J.) (same); *see also Livingston*, *supra*. at 78 (observing that "courts have the inherent, equitable power to expunge arrest records") (citations omitted).

There is no "standalone right to expungement of government records" recognized in this Circuit. *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015).  When the court exercises its inherent equitable power to order expungement it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances."  *Webster*, 606 F.2d at 1230-1231 (since expungement is an equitable remedy, the grant of relief "depends on the facts and circumstances of the case" and requires "a logical relationship between the injury and the requested remedy"); *see also United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.")

In the instant case, Defendant cites no statutory basis in support of her request for expungement.  Nor does she allege that her arrest and conviction were improper or that there are unusual or extraordinary circumstances justifying expungement.  Instead, Ms. Michals seeks expungement of her criminal record on grounds that her conviction has limited her opportunities for employment and advancement within the company for which she works.  Def.'s Mot., ECF No. 24, at 1.  Accordingly, the Government argues that "Defendant's motion to expunge her criminal conviction in this case should be summarily denied [because] Defendant fails to proffer any statutory basis for, or any "extraordinary circumstances" justifying her request for equitable relief."  Govt. Opp'n, ECF No. 25, at 2.  Furthermore, the Government asserts that it has a "legitimate need to maintain records of arrests and convictions."  Govt. Opp'n, ECF No. 25, at 4.  This Circuit is clear that the Government has a "legitimate need in maintaining criminal records in

order to efficiently conduct future criminal investigations." *Webster*, 606 F.2d 1226, 1243 (D.C. Cir. 1979). Records assist law enforcement with, *inter alia*, criminal identification procedures. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare without an authorizing statute or extraordinary circumstances.

It is undisputed that the existence of a criminal record may pose a "substantial barrier to employment." *Menard v. Saxbe*, 498 F.2d 1017, 1024 (D.C. Cir. 1974). This Circuit recognizes that the "adverse effect on job opportunity" is "[t]he main evil produced by dissemination of arrest records[.]" *Morrow v. District of Columbia*, 417 F.2d 728, 742 (D.C. Cir. 1969). "Merely citing to the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not [however] meet the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute, for which claim expungement may be appropriate relief." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017). "The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Webster*, 606 F.2d at 1231.

While defendant's concerns about employment may be valid, they do not constitute "extreme circumstances" warranting expungement of a criminal record. *United States v. Baccous*, Criminal Action No. 99-0596, 2013 WL 1707961, at \*2 (D.D.C. April 22, 2013); *see also United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."); *United States v. Evans*, 78 F. Supp. 3d 351, 353 (D.D.C. 2015) ("Evans seeks to expunge his criminal record so that it does not appear on background checks run by potential employers. However, in

4

this Circuit, this does not present an extreme or unusual circumstance justifying expungement."); *United States v. Robinson*, 23 F. Supp. 3d 15, 16 (D.D.C. 2014) ("[E]ven difficulties obtaining employment and securing housing are not regarded as extreme circumstances" justifying expungement.) Accordingly, the Court lacks the power to expunge Ms. Michals' criminal record under these circumstances.

The Court commends Defendant in her efforts to avoid trouble with law enforcement in the twelve years since her sentencing and acknowledges the barriers her felony conviction may have on attempts to gain employment or advance therein. That said, Ms. Michals does not present statutory authority in support of her expungement request, nor does she contend her conviction and arrest were improper so as to warrant expungement. Defendant's inability to obtain employment or advance within her employment is on its own insufficient to justify expungement of her criminal record. *See Archer*, 2012 WL 5818244, at *1 (where defendant claimed that she "w[ould] be able to fulfill higher level functions at work without the impediments of a prior conviction," the court acknowledged that an arrest record can be a "substantial barrier" to gainful employment but found that the harms alleged by defendant did not outweigh the government's interest in maintaining a record of her arrest and conviction). Accordingly, for the foregoing reasons, the Court finds that Ms. Michals' [24] Motion to Expunge Criminal Record must be denied.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE